LAWRENCE J. PRALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prall v. Commissioner
Docket Nos. 2601-75, 3173-76.
United States Tax Court
T.C. Memo 1976-350; 1976 Tax Ct. Memo LEXIS 53; 35 T.C.M. (CCH) 1600; T.C.M. (RIA) 760350; November 17, 1976, Filed *53 Saul A. Schapiro, for the petitioner. Daniel P. Ehrenreich, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioner's 1973 and 1974 income taxes in the amounts of $885.94 and $1,379.50, respectively.The sole matter in dispute is the Commissioner's disallowance of a business expense deduction claimed on petitioner's 1973 return in the amount of $4,599.21 which was described as a "War Tax Expense", and a similar deduction in the amount of $6,425.22 claimed on petitioner's 1974 return as a "War Tax and Illegal Domestic and Foreign Spying Expense". The only allegations of fact made in the petition in respect of the 1973 tax are as follows: 5. The facts upon which the Petitioner relies, as the basis of his case, are as follows: A. The deduction was legal and legitimate because the United States of America violated international law as well as the Constitution of the United States of America by committing acts of aggression and other illegal acts in Indochina and Chile, B. It would be a violation of his obligation under the Constitution of the United States of America to the people of the United *54 States of America and the other peoples of the world if he supported the illegal activities mentioned in 5.A. with his tax monies, and C. Finally, it is unconstitutional for the Internal Revenue Service to collect monies which, in whole or in part, would be used to finance activities which violate international law as well as the Constitution of the United States of America. The only allegations of fact made in the petition in respeet of the 1974 tax are as follows: 5. The facts upon which the Petitioner relies, as the basis of his case, are as follows: a. The deduction was taken to prevent the United States government from collecting his tax monies which would be used in the following illegal ways: 1. The support (military and economic) of the South Vietnam government. 2. The support (military and economic) of the fascist dictatorship in Chile. 3. The support (military and economic) of the government of Puerto Rico. 4. The preparation for future war or acts of aggression in direct violation of the United States Constitution and various international treaties. 5. The United States government used tax monies for illegal foreign and domestic spying. *55 b. It would be illegal for him to support the above actions. The respondent filed a motion for judgment on the pleadings in each case. Despite the scholarly and able presentation by petitioner's counsel, the matters at issue have been too well settled to justify reexamination. ; ; ; (C.A. 9), certiorari denied ; (C.A. 3), certiorari denied ; (C.A. 5); (C.A. 10), certiorari denied ; (D.C.Tenn.), affirmed (C.A. 6), certiorari denied ; (May 27, 1976); (May 27, 1976); *56 (Sept. 15, 1976). The motions for judgment on the pleadings will be granted.